MATTHEW D. KLEIFIELD, SB No. 011564
matthew.kleifield@lewisbrisbois.com
ROBERT C. ASHLEY, SB No. 022335
robert.ashley@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com

Attorneys for Defendant Life Time Fitness, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| A.M., by and through his next best friend and mother, DINORA MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LIFE TIME FITNESS, INC., a Minnesota corporation; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X,<br><br>　　　　Defendants. | No. . 2:15-CV-00034-PHX-JZB<br><br>**DEFENDANT LIFE TIME FITNESS, INC.'S ANSWER TO COMPLAINT**<br><br>(The Honorable Michael Gordon) |

　　　　Defendant, Life Time Fitness, Inc., by and through undersigned counsel hereby files their Answer to Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

　　　　1.　　Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

　　　　2.　　Admit that Life Time is a Minnesota corporation doing business in Maricopa County, but does not know what Plaintiff means by "substantial" and thus denies the remainder of this paragraph.

　　　　3.　　Answering Defendant lacks knowledge or information sufficient to form a

4826-7847-9393.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

belief concerning the truth of the allegations contained therein and thus denies same.

4. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

5. Answering Defendant denies the allegations contained therein.

6. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

## COUNT ONE

### (Negligence)

7. Answering Defendant repeats and realleges its answers to each and every preceding paragraph as though fully set forth herein.

8. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

9. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

10. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

11. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

12. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

13. Answering Defendant denies the allegations contained therein.

14. Answering Defendant denies the allegations contained therein.

15. Answering Defendant denies the allegations contained therein.

16. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

17. Answering Defendant denies the allegations contained therein.

18. Answering Defendant denies the allegations contained therein.

19. Answering Defendant lacks knowledge or information sufficient to form a

belief concerning the truth of the allegations contained therein and thus denies same.

20. Answering Defendant denies the allegations contained therein.

21. Answering Defendant denies the allegations contained therein.

22. Answering Defendant denies the allegations contained therein.

23. Answering Defendant denies the allegations contained therein.

24. Answering Defendant denies the allegations contained therein.

25. Answering Defendant denies the allegations contained therein.

## COUNT THREE

### (Negligent Hiring)

26. Answering Defendant repeats and realleges its answers to each and every preceding paragraph as though fully set forth herein.

27. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

28. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

29. Answering Defendant denies the allegations contained therein.

30. Answering Defendant denies the allegations contained therein.

31. Answering Defendant denies the allegations contained therein.

32. Answering Defendant denies the allegations contained therein.

33. Answering Defendant denies the allegations contained therein.

34. Answering Defendant denies the allegations contained therein.

## COUNT FOUR

### (Negligent Supervision)

35. Answering Defendant repeats and realleges its answers to each and every preceding paragraph as though fully set forth herein.

36. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

37. Answering Defendant denies the allegations contained therein.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

38. Answering Defendant denies the allegations contained therein.

39. Answering Defendant denies the allegations contained therein.

40. Answering Defendant denies the allegations contained therein.

41. Answering Defendant denies the allegations contained therein.

42. Answering Defendant denies the allegations contained therein.

43. Answering Defendant denies the allegations contained therein.

44. Answering Defendant denies the allegations contained therein.

## COUNT FOUR

### (Punitive Damages)

45. Answering Defendant repeats and realleges its answers to each and every preceding paragraph as though fully set forth herein.

46. Answering Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. As and for separate and affirmative defenses, and in the alternative, Defendants allege that the Plaintiff is barred from relief under the legal doctrines of accord and satisfaction, arbitration and award, assumption of the risks, comparative and contributory negligence, estoppel, laches, payment, release, res judicata, collateral estoppel, statute of limitations, waiver and release.

2. As and for further separate and affirmative defenses, and in the alternative, Defendants allege that this Court may lack jurisdiction over the person of defendant by reasons of insufficient process, insufficient service of process and/or lack of service of process.

3. As and for further, separate and affirmative defenses, and in the alternative, Defendants allege improper venue, nonjoinder of necessary and proper parties, and any other matter constituting an avoidance or affirmative defense which becomes apparent as discovery progresses.

4. As and for further and separate defenses, Defendants allege that the sole, direct

LEWIS BRISBOIS BISGAARD & SMITH LLP

and proximate cause of any damages sustained by Plaintiff was the negligence of Plaintiff or others; that the damages were directly and proximately caused or contributed to by the negligence of Plaintiff or others; and that at the time and place of the incident described in Plaintiff's Complaint, Plaintiff knew or should have known of the risks, and those risks were consented to and assumed by Plaintiff and whatever damages Plaintiff sustained arose from and were caused by those risks thus assumed; that the trier of fact is entitled to apportion responsibility based upon the principles of contribution and comparative negligence; the Plaintiff further failed to mitigate damages.

5. Plaintiff's claim for punitive damages is deficient for the following reasons:

　　a)　Punitive damages are not a separate claim in Arizona.

　　b)　The conduct, even as alleged, does not meet the standards for punitive damages.

　　c)　The imposition of punitive damages sought by Plaintiff violates the due process and equal protection rights of Answering Defendant under the Fourteenth Amendment to the United States Constitution and under Article II, Sections 4 and 13, of the Arizona Constitution in that:

　　　　(1)　Arizona law and the Arizona punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Arizona law and the Arizona punitive damage scheme leave the determination whether to award, and, if so, the amount of punitive damages, to the arbitrary discretion of the trier-of-fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

　　　　(2)　Answering Defendant has no notice of or means of ascertaining whether, or in what amount, they might be subject to a penalty for the conduct alleged by

Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Answering Defendant to punitive damages or as to the potential amount of such an award.

(3) Under Arizona law and the Arizona punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the principles of deterrence and punishment.

(4) Under Arizona law and the Arizona punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(5) No provision of Arizona law or the Arizona punitive damage scheme provides adequate procedural and substantive safeguards consistent with the criteria set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

(6) Arizona law and the Arizona punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(7) Arizona law and the Arizona punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(8) In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Arizona law and the Arizona punitive damage scheme place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award must not be based on any desire to redistribute wealth.

(9) Under Arizona law and the Arizona punitive damage scheme,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

there is no limit on the number of times Answering Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

        (10)    Arizona law and the Arizona punitive damage scheme permit a punitive damage award without requiring or affording a defendant a right to bifurcation of the trial as to punitive damage issues.

    (e)    The net effect of Arizona's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendants' wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or intent. As a result, the federal and state (U.S. Const. Amend. 14; Ariz. Const. Art. II, §13) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Arizona punitive damage system is the depth of the defendants' pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

    (f)    Insofar as the punitive damage award sought by Plaintiffs seeks to impose punitive damages under Arizona law for conduct in other states, the award violates:

        (1)    Answering Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and Article II, Section 4 of the Arizona Constitution;

        (2)    the dormant or negative commerce clause derived from Article I, Section 8, clause 3, of the United States Constitution;

        (3)    the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; and

        (4)    the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray as follows:

    A.    The Plaintiffs' Complaint shall be dismissed with prejudice and that

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1 | Plaintiffs take nothing thereby;

2 |     B.    For its reasonable costs incurred herein;

3 |     C.    For such other and further relief as the court deems just and proper.

DATED this 13th day of January, 2015.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By   /s/Robert C. Ashley
    Matthew D. Kleifield
    Robert C. Ashley
    Attorneys for Defendant Life Time Fitness, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2015, I electronically transmitted this document to the Clerk's office using the ECF System for filing and transmitted a copy to the following ECF registrant:

Jeffrey L. Victor
Jeffrey L. Victor, P.C.
5425 E. Bell Road, Suite 121
Scottsdale, AZ  85254
*Attorney for Plaintiff*

/s/Michelle T. Gallegos